AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

__EASTERN__ DISTRICT OF __NEW YORK__

LEROY PRIVOTT,

                    Plaintiff,

**AMENDED**
SUMMONS IN A CIVIL CASE

CASE NUMBER: 05CV3445(SLT)(MDG)

V.

THE CITY OF NEW YORK, P. O. RICHARD HUMIECKI, Shield No. 27131, Individually and in his Official Capacity, P.O. WILKENS THELMUSA, Shield No. 16953, Individually and in his Official Capacity P. O. CHRISTOPHER SALAMONE, Shield No. 8665, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name "John Doe" being fictitious, as the true names are presently unknown),

                                    Defendants.

TO: (Name and address of defendant)

| | | |
|---|---|---|
| MICHAEL A. CARDOZO<br>Corporation Counsel of the City of NY<br>100 Church Street<br>New York, New York 10007 | P.O. WILKENS THELMUSA<br>Shield No. 16953<br>Police Service Area #2 (PSA)<br>560 Sutter Avenue<br>Brooklyn, NY 11207 | P. O. RICHARD HUMIECKI, Shield No. 27131<br>P. O. CHRISTOPHER SALAMONE<br>Shield No. 8665<br>77th Precinct<br>127 Utica Avenue<br>Brooklyn, NY |

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

JON L. NORINSBERG
225 Broadway, Suite 2700
New York, N.Y. 10007

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____  _____
CLERK                                               DATE

_____
(BY) DEPUTY CLERK

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
LEROY PRIVOTT,

                          Plaintiff,                        **AMENDED COMPLAINT**

      -against-                                 **05 CV 3445 (SLT) (MDG)**

THE CITY OF NEW YORK, P. O. RICHARD HUMIECKI,
Shield No. 27131, Individually and in his Official Capacity,
P.O. WILKENS THELMUSA, Shield No. 16953, Individually and
in his Official Capacity P. O. CHRISTOPHER SALAMONE, Shield
No. 8665, Individually and in his Official Capacity, and P.O.s "JOHN
DOE" #1-10, Individually and in their Official Capacities, (the name
"John Doe" being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------------------------X

        Plaintiff LEROY PRIVOTT, by his attorney, JON L. NORINSBERG, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.       Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.  Plaintiff is also asserting supplemental state law tort claims.

## JURISDICTION

        2.       This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

        3.       Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff LEROY PRIVOTT is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants, P.O. RICHARD HUMIECKI, P.O. WILKENS THELMUSA, P. O. CHRISTOPHER SALAMONE and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On May 14, 2005, at approximately 11:35 p.m., plaintiff LEROY PRIVOTT was lawfully inside Apartment 6-A at the premises known as 420 Kingsboro Street, in the County of Kings, in the City and State of New York.

14. At the aforesaid time and place, plaintiff LEROY PRIVOTT was suddenly accosted by members of the New York City Police Department.

15. Defendant police officers forcibly grabbed plaintiff LEROY PRIVOTT and threw him to the ground, punching and kicking him several times.

16. One of the defendant officers removed his walkie-talkie and struck plaintiff LEROY PRIVOTT in the face with this object.

17. As a result of this unlawful assault, plaintiff LEROY PRIVOTT suffered severe damage to his left orbital area, including but not limited to, the permanent loss of his left eye. See Exhibit A.

18. Plaintiff LEROY PRIVOTT was transported to Kings County Hospital, where he remained for two days.

19. After his release from the hospital, plaintiff LEROY PRIVOTT was charged with disorderly conduct and resisting arrest.

20. On May 16, 2005 all charges against plaintiff LEROY PRIVOTT were dismissed.

21. As a result of the foregoing, plaintiff sustained severe bodily injuries, including but not limited to, severe periobital swelling, facial disfigurement and the permanent loss of his left eye.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiff LEROY PRIVOTT of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28. The acts complained of deprived plaintiff LEROY PRIVOTT of his rights:

    A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from unwarranted and malicious criminal prosecution;

  D. Not to have excessive force imposed upon him;

  E. Not to have summary punishment imposed upon him; and

  F. To receive equal protection under the law.

## PENDANT STATE CLAIMS

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. On or about June 17, 2005, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

31. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

32. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said hearing is scheduled to be held on August 11, 2005.

33. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

34. Plaintiff has complied with all conditions precedent to maintaining the instant action.

35. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

38.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendant police officers touched plaintiff LEROY PRIVOTT in a harmful and offensive manner.

41.     Defendant police officers did so without privilege or consent from plaintiff.

42.     As a result of defendants' conduct, plaintiff has suffered severe bodily injuries, including but not limited to, severe periobital swelling, facial disfigurement and the permanent loss of his left eye.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendant police officers arrested plaintiff LEROY PRIVOTT in the absence of probable cause and without a warrant.

45.     As a result of the aforesaid conduct by defendants, plaintiff LEROY PRIVOTT was

subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

46. The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. As a result of the foregoing, plaintiff LEROY PRIVOTT was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

49. Plaintiff was conscious of said confinement and did not consent to same.

50. The confinement of plaintiff was without probable cause and was not otherwise privileged.

51. As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. On May 14, 2005, defendants commenced a criminal proceeding against plaintiff LEROY PRIVOTT.

54. Defendants lacked probable cause to commence said criminal proceeding against

plaintiff LEROY PRIVOTT .

55. Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff LEROY PRIVOTT.

56. On May 16, 2005, the criminal prosecution against plaintiff LEROY PRIVOTT was terminated in his favor.

57. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

60. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

61. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

62. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

63. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of said its Police Department, including the defendants individually named above.

66. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department. including the defendants individually named above.

67. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

68. By reason of the aforesaid conduct by defendants, plaintiff LEROY PRIVOTT requests the following relief:

    A. Compensatory damages in the amount of one million dollars ($5,000,000);

    B. Punitive damages in the amount of two million dollars ($2,000,000);

    C. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

    D. Any further relief as the Court may find just and proper.

**WHEREFORE**, plaintiff LEROY PRIVOTT demands judgment in the sum of five million dollars ($5,000,000) in compensatory damages, two million dollars ($2,000,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
September 25, 2006

_____/S_____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396

# EXHIBIT A





INDEX NO. 05 CV 3445 (SLT) (MDG)                                              YEAR   2005
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

LEROY PRIVOTT,

                                  Plaintiff,
                  -against-

THE CITY OF NEW YORK, P. O. RICHARD HUMIECKI, Shield No. 27131, Individually and in his Official Capacity, P.O. WILKENS THELMUSA, Shield No. 16953, Individually and in his Official Capacity P. O. CHRISTOPHER SALAMONE, Shield No. 8665, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name "John Doe" being fictitious, as the true names are presently unknown),

                                  Defendants.
_____

# AMENDED SUMMONS AND COMPLAINT
_____

## JON L. NORINSBERG

*Attorney for* Plaintiffs

*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212)791-5396

_____
Signature (Rule 130-1.1a)

_____
Print Name Beneath

To
Attorney(s) for  Defendants
_____
Service of a copy of the within is hereby admitted.                    Dated
                    _____
Attorney(s) for
_____

PLEASE TAKE NOTICE

☐       NOTICE OF ENTRY

        that the within is a (certified) true copy of a
        duly entered in the office of the clerk of the within named court on                    20

☐       NOTICE OF SETTLEMENT

        that an order                                         of which the within is a true copy
        will be presented for settlement to the HON.          one of the judges of the
        within named Court, at
        on                              20                at

Dated,                                                                        Yours, etc.